**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 06-1970

UNITED STATES OF AMERICA,

Appellee,

v.

GEORGE WASHINGTON A/K/A ANTHONY LONG,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Michael B. Whipple and Thomas F. Hallett Law Offices on brief
for appellant.
Paula D. Silsby, United States Attorney, and F. Mark Terison,
Senior Litigation Counsel, on brief for appellee.

---

March 27, 2007

---

**Per Curiam**.  In <u>United States</u> v. <u>Washington</u>, 434 F.3d 7 (1st Cir. 2006), we affirmed the conviction of defendant-appellant George Washington a/k/a Anthony Long on various drug-trafficking charges.  <u>See</u> <u>id.</u> at 17.  We vacated his sentence, however, and remanded the case for resentencing in light of <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005).  <u>See</u> <u>Washington</u>, 434 F.3d at 17.  On remand, the district court, operating under an advisory guidelines regime, again sentenced the defendant to a 360-month incarcerative term.  This timely appeal ensued.

The relevant facts are set out in our earlier opinion, <u>see</u> <u>id.</u> at 9-11, and it is unnecessary to rehearse them here.  At present, the defendant asserts four principal claims of error. None of them requires extended comment.

The defendant's first claim of error relates to the district court's application of the career offender guideline.  <u>See</u> USSG §4B1.1.  The gist of his claim is that the prior convictions upon which his career offender designation was based should have been charged in the indictment and their existence proven to the jury beyond a reasonable doubt.  Instead, the district court, applying a preponderance of the evidence standard, determined the existence of those convictions at the disposition hearing.  The defendant asserts that this procedure abridged his Sixth Amendment rights.

This claim of error is foreclosed by Supreme Court precedent. See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998). We repeatedly have rejected the argument that we should treat this precedent as impliedly overruled. See, e.g., United States v. Miller, ___ F.3d ___, ___ (1st Cir. 2007) [No. 05-2763, slip op. at 4]; United States v. Bennett, 469 F.3d 46, 51 (1st Cir. 2006); United States v. Coplin, 463 F.3d 96, 104-05 (1st Cir. 2006); United States v. Richards, 456 F.3d 260, 262 (1st Cir. 2006); United States v. Jiménez-Beltre, 440 F.3d 514, 520 (1st Cir. 2006) (en banc), cert. denied, 127 S. Ct. 928 (2007). Because we are bound to follow these decisions and to honor the holding of Almendarez-Torres unless and until the Supreme Court overrules that holding, we reject the defendant's first claim of error.

Next, the defendant contends that the district court erred in giving "presumptive weight" to the federal sentencing guidelines. This contention is not supported by the record. The district court made it perfectly clear at the disposition hearing that it did not "place any presumption on the guideline range."

Relatedly, the defendant claims that the district court at least gave the guidelines substantial weight in the sentencing calculus and that, in so doing, the court erred. It is true that the district court gave the guidelines substantial weight but, in following that course, the court acted altogether appropriately.

See Jiménez-Beltre, 440 F.3d at 518-19.  Consequently, this claim of error also fails.

Third, the defendant asseverates that certain of the prior crimes that served as predicates for the career offender designation were part of a unitary course of conduct and, thus, should not have been counted separately.  This asseveration lacks force; the issue could have been, but was not, raised in the defendant's initial appeal and, therefore, is almost certainly by the boards.  See United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993).

In all events, the convictions that the defendant cites were for offenses that occurred eleven days apart and have no readily discernible connection.  Under the sentencing guidelines, "[p]rior sentences imposed in unrelated cases are to be counted separately."  USSG §4A1.2(a)(2).  Multiple sentences are considered "related" only if those sentences "resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."  Id. § 4A1.2, cmt. n.3.  The subject offenses do not fit into any of these categories.  Accordingly, the defendant's claim founders. See, e.g., United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997); United States v. Elwell, 984 F.2d 1289, 1295 (1st Cir. 1993).

Finally, the defendant makes a somewhat circuitous attack on the reasonableness of his sentence, arguing among other things (i) that a 360-month period of immurement is "grossly disproportional" when compared with certain of his codefendants' sentences and (ii) that the sentence is too stiff because the trial judge incorrectly gauged his "personal characteristics." These arguments are futile.

The codefendants to whom Washington alludes were, by reason of cooperation, criminal history, and other differentiating factors, not similarly situated. Therefore, the defendant's 360-month sentence cannot be said to have created an unwarranted sentencing disparity. See United States v. Saez, 444 F.3d 15, 18 (1st Cir. 2006) (holding that a sentencing disparity explained by material differences in various defendants' criminal histories or degrees of cooperation is not "unwarranted" within the meaning of 18 U.S.C. § 3553(a)(6)).

As to personal characteristics, the defendant points to such things as his impoverished childhood, the abuse that he suffered, and his addiction to drugs. These and other personal characteristics appear to have been duly considered by the district court. Given the scope of the correctly calculated guideline sentencing range,[1] the defendant's prolific criminal history, his

---

[1]We note that, in this instance, the defendant's guideline range was driven primarily by his prior criminal record and status as a career offender. Giving significant weight to a defendant's

lack of remorse, and the district court's express finding that recidivism was "highly predictable" in this case, we cannot say that the within-the-range sentence imposed is unreasonable.  See Jiménez-Beltre, 440 F.3d at 519 (stating that, ordinarily, the reasonableness requirement is satisfied when the court offers a "plausible explanation" for the chosen sentence and reaches a "defensible overall result").

Saying more would serve no useful purpose.  To the extent that the defendant has proffered other arguments, they are insufficiently developed, patently meritless, or both.  Thus, we need go no further.

**Affirmed**.

---

extensive criminal history is entirely appropriate.  See United States v. LaBonte, 520 U.S. 751, 753 (1997) (explaining that the career offender guideline implements a specific congressional mandate) (citing 28 U.S.C. § 994(h)); see also United States v. Pelletier, 469 F.3d 194, 203-04 (1st Cir. 2006).