NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 12, 2007
Decided July 26, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4249

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee,*

　　*v.*

SEBASTIAN LOPEZ-GUENDULAIN,
　　*Defendant-Appellant.*

Appeal from the United States
District Court for the
Western District of Wisconsin.

No. 05 CR 90

**John C. Shabaz**,
*Judge.*

# O R D E R

　　Sebastian Lopez-Guendulain pleaded guilty to one count of being in the United States without permission after his deportation. 8 U.S.C. § 1326(a). Because the district court determined that he was convicted of an aggravated felony before he was deported, Lopez-Guendulain was subject to a 20-year statutory maximum. 8 U.S.C. § 1326(b)(2). And because the court also determined that this aggravated felony qualified as a crime of violence, Lopez-Guendulain received a 16-level upward adjustment to his base offense level. U.S.S.G. 2L1.2(b)(1)(A)(ii). Lopez-Guendulain now challenges both decisions as inconsistent with the holdings

of *Shepard v. United States*, 544 U.S. 13 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm.

## I. Background

Lopez-Guendulain, a citizen of Mexico, was deported in 2001 after he completed a sentence for a sexual assault in Wisconsin. The criminal complaint in the underlying case alleges that Lopez-Guendulain committed sexual assault of a child, in violation of section 948.02(2) of the Wisconsin Statutes, by having sexual intercourse with a person under age 16. The complaint identifies the victim as "H.D., DOB 9/19/85," and states that she was four or five months pregnant and Lopez-Guendulain was the father of the baby. The original charge was later reduced, and the Information filed in the case alleges that Lopez-Guendulain committed third-degree sexual assault, in violation of section 940.225(3) of the Wisconsin Statutes, for having nonconsensual sexual intercourse with the victim. The Information again describes the victim as "H.D., DOB 9/19/85," and alleges that the crime occurred between March and June 2000—making her 14 years old at the time of the offense.

Lopez-Guendulain pleaded no contest to the reduced charge of third-degree sexual assault. He served his state sentence and was then deported. In 2005 he was again discovered in the United States and was charged with violating § 1326(a). Section 1326(a) ordinarily provides for a statutory maximum sentence of two years' imprisonment, but the maximum is enhanced to 20 years if the defendant was deported after committing an "aggravated felony." 8 U.S.C. § 1326(a), (b)(2). In addition, U.S.S.G. § 2L1.2(b)(1)(A)(ii) provides for a 16-level upward adjustment to the base offense level if the defendant was deported after committing a "crime of violence."

At sentencing the government contended that Lopez-Guendulain's conviction for third-degree sexual assault subjected him to both of these increases because the offense constitutes sexual abuse of a minor—a crime that is specifically classified as an aggravated felony, 8 U.S.C. § 1101(a)(43)(A), and as a crime of violence under the relevant guideline, U.S.S.G. § 2L1.2. Lopez-Guendulain objected to characterizing his conviction as one for sexual abuse of a minor, arguing that he never admitted that the victim was underage. The district court rejected this argument; relying on the Information and the plea colloquy from the state offense, the court concluded that Lopez-Guendulain's prior conviction constituted sexual abuse of a minor. The court used that finding in calculating the guidelines imprisonment range and sentenced Lopez-Guendulain to 45 months in prison—near the low end of the applicable range.

## II. Analysis

Lopez-Guendulain's principal argument is that the district court disregarded the evidentiary constraints set out in *Shepard* in concluding that his prior offense was for sexual abuse of a minor. *Shepard* and later cases that apply its holding to the guidelines provide that when deciding how to classify a prior conviction for purposes of determining sentencing ranges, sentencing courts may look beyond the statutory language to the underlying conduct so long as the inquiry is limited to charging documents, the plea agreement, the transcript of the plea colloquy, and factual findings to which the defendant has assented. *See Shepard*, 544 U.S. at 16; *United States v. Peters*, 462 F.3d 716, 719 (7th Cir. 2006); *United States v. Kindle*, 453 F.3d 438, 441-42 (7th Cir. 2006).

In this case, the Information to which Lopez-Guendulain pleaded no contest alleges that he had sexual intercourse with a 14-year-old without consent. As we have noted, charging documents like an Information are permissible sources of proof under *Shepard*. In addition, the transcript of Lopez-Guendulain's plea colloquy, another permissible source under *Shepard*, establishes that he admitted the victim was underage. During the colloquy, Lopez-Guendulain's counsel stipulated that the court could use the facts alleged in the complaint as a factual basis for the plea, and the court did so. The complaint alleges that Lopez-Guendulain had sexual intercourse on numerous occasions with the victim, H.D., a 14-year-old girl.

Lopez-Guendulain argues that the stipulation to the complaint is not sufficient because it was made by his counsel, not by him, and because it did not specifically enumerate every fact that was being admitted. These arguments are without merit. Defense counsel's admissions can bind the defendant. *United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005) ("[C]riminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority."); *see Kindle*, 453 F.3d at 442 (concluding that defendant's burglary conviction was a crime of violence based in part on defendant's admissions through counsel); *Gattem v. Gonzales*, 412 F.3d 758, 761 n.4 (7th Cir. 2005) (concluding that admission by appellant's counsel was sufficient to establish that appellant solicited a sexual act from a person under 17); *United States v. Warren*, 279 F.3d 561, 563 (7th Cir. 2002) (upholding upward adjustment based on defendant's admission through counsel at sentencing). Furthermore, courts have accepted admissions as general as the one at issue here. *See, e.g., United States v. Miller*, 478 F.3d 48, 51-52 (1st Cir.)*, cert. denied*, 75 U.S.L.W. 3696 (U.S. June 25, 2007) (No. 06-11558); *United States v. Espinoza-Cano*, 456 F.3d 1126, 1132-33 & n.5 (9th Cir. 2006); *see also United States v. Sperberg*, 432 F.3d 706, 707-08 (7th Cir. 2005) (concluding that defendant's silence in the face of judge's statement at plea colloquy that defendant threatened a guard with a gun was enough to show that

defendant's conviction under ambiguous statute for making threats was violent felony).

At oral argument Lopez-Guendulain contended that the district court should not have considered his plea to the Information or statements from the plea colloquy because his limited command of English prevented him from knowing what he was admitting. This argument is simply an attempt by Lopez-Guendulain to collaterally attack his state conviction, which is impermissible in this context. *See Ryan v. United States*, 214 F.3d 877, 879-80 (7th Cir. 2000).

Finally, Lopez-Guendulain appears to argue that the district court violated the rule of *Apprendi* because it subjected him to the enhanced statutory maximum under § 1326(b) based on facts that were not found by a jury beyond a reasonable doubt. (Def. Br. 11-12.) *Apprendi* is inapplicable here; the facts at issue concern Lopez-Guendulain's prior conviction for sexual assault, and facts about a prior conviction are not subject to the rule in *Apprendi*. *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998); *United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005).

Accordingly, we AFFIRM Lopez-Guendulain's sentence.