NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0118n.06

No. 22-5339

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 08, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE MIDDLE |
|  | ) | DISTRICT OF TENNESSEE |
| TIMOTHY JUTODD BATEY, | ) | |
| Defendant-Appellant. | ) | OPINION |
|  | ) | |

Before: GRIFFIN, BUSH, and MURPHY, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Timothy Batey pleaded guilty to being a felon in possession of a firearm. The district court determined he was an armed career criminal for sentencing under 18 U.S.C. § 924(e) based on six prior violent felony convictions. On appeal, Batey challenges his categorization as an armed career criminal. He acknowledges one prior qualifying conviction but disputes that any of the remaining five are violent felonies. Because two of those challenged offenses qualify as violent felonies, Batey has three prior convictions that qualify him as an armed career criminal for sentencing. Accordingly, we AFFIRM the district court's sentence.

**I.**

On September 22, 2020, Metro Nashville Police officers pulled over and arrested Batey. He possessed a handgun manufactured outside of Tennessee, and he also had previous convictions for felony aggravated assault and felony aggravated robbery. Thus, Batey was charged with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He pleaded guilty.

Batey's Presentence Report (PSR) identified six prior Tennessee convictions as violent felonies under the Armed Career Criminal Act (ACCA). If properly characterized, those convictions made Batey an armed career criminal subject to a sentencing enhancement under 18 U.S.C. § 924(e), which requires three prior violent felony convictions. The six listed convictions include three juvenile convictions from 2006 and convictions for aggravated assault in 2011, aggravated robbery in 2013, and another aggravated assault in 2016. All of these convictions, except for the 2013 aggravated robbery conviction, were contested by Batey, who objected to his armed career criminal designation. The district court disagreed. It found Batey to be an armed career criminal and sentenced him to the 15-year mandatory minimum. Batey timely appealed his classification as an armed career criminal and the sentence that resulted from that finding.

**II.**

We review de novo the legal question whether an ACCA predicate offense qualifies as a violent felony. *Davis v. United States*, 900 F.3d 733, 735 (6th Cir. 2018).

Courts use a "categorical approach" to determine whether a prior conviction counts as a violent felony under the ACCA. *Descamps v. United States*, 570 U.S. 254, 257 (2013). A conviction qualifies as such a predicate offense under the ACCA if the elements from the state statute "necessarily involve the defendant's 'use, attempted use, or threatened use of physical force against the person of another.'" *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021) (quoting U.S.C. § 924(e)(2)(B)(i)). A state statute is "divisible" for this analysis when it sets out one or more elements of the offense that can lead to a conviction that satisfies the ACCA while other elements do not. *United States v. Burris*, 912 F.3d 386, 393 (6th Circ. 2019) (en banc). In those cases, courts use a "modified categorical approach," where they may "consult a limited class of

documents" to determine which elements "formed the basis of the defendant's prior conviction." *Descamps*, 570 U.S. at 257; *accord Burris*, 912 F.3d at 402.

Batey's 2013 conviction for aggravated robbery qualifies as an ACCA predicate offense. Tennessee's aggravated robbery statute, Tenn. Code Ann. § 39-13-402, is categorically a violent felony under the ACCA. *See Porter v. United States*, 959 F.3d 800, 802 (6th Cir. 2020) (citing *United States v. Gloss*, 661 F.3d 317, 318–19 (6th Cir. 2011)).[1] Batey concedes this classification. Also, the Government concedes that Batey's three juvenile offenses do not qualify as ACCA predicate offenses. That leaves Batey's 2011 and 2016 convictions for aggravated assault, both of which are based on a divisible statute. If those two convictions qualify as ACCA predicate offenses, then they, combined with the 2013 conviction for aggravated robbery, are the three violent felony convictions necessary to make Batey an armed career offender. We address the 2011 and 2016 convictions in turn below.

A. 2011 Conviction

On March 10, 2011, when Batey was convicted of aggravated assault, the state statute underlying that conviction read:

(a) A person commits aggravated assault who:
> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
>> (A) Causes serious bodily injury to another; or
>> (B) Uses or displays a deadly weapon; or

---

[1] The cases cited in *Gloss* that relied on the ACCA's residual clause—18 U.S.C. § 924(e)(2)(B)(ii)'s language that included any felony that "involves conduct that presents a serious potential risk of physical injury to another"—have been abrogated by *Johnson v. United States*, 576 U.S. 591 (2015). But *Gloss*'s holding, cited and reaffirmed in *Porter,* is based on the ACCA's elements clause: 18 U.S.C. § 924(e)(2)(B)(i). This clause, also known as the use-of-force clause, was not affected by *Johnson*. *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (citing *United States v. Bernardini*, 616 F. App'x 212, 213 (6th Cir. 2015)).

(2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon.

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect the child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-402.

(c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against the individual or individuals.

. . .

Tenn. Code Ann. § 39-13-102 (effective May 27, 2010). We have held that this statute is divisible, which requires determining which subsection the defendant was convicted of violating. *United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014). As part of this determination, the government has the burden to establish that a prior conviction constitutes an ACCA predicate offense. *United States v. Medina-Almaguer*, 559 F.3d 420, 425 (6th Cir. 2009) (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

As noted, the modified categorical approach allows a court to consult certain material, known as "*Shepard* documents," which include the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16. The Supreme Court also has said this inquiry is limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

Our court has elaborated that this analysis may not include the factual recitations in the PSR but does include "facts [the] defendant necessarily admitted in entering a guilty plea."

*Cooper*, 739 F.3d at 881 (citation omitted; alterations in original). Further, state court judgments are "comparable judicial records" that may be used to determine what the defendant necessarily pleaded guilty to. *Id.* (quoting *Shephard*, 544 U.S. at 26); *Vowell v. United States*, 938 F.3d 260, 269 (6th Cir. 2019). Finally, we have permitted "fair and reasonable" inferences from *Shepard* documents. *United States v. Patterson*, 878 F.3d 215, 219 (6th Cir. 2017); *accord United States v. Reyes-Contreras*, 910 F.3d 169, 178 (5th Cir. 2018) (en banc), abrogated in part on other grounds by *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021) ("Nothing in *Shepard* or *Taylor* requires us to act as robots and to ignore the necessary implications from the formal documents in the file of a judgment of conviction."); *United States v. Ossana*, 679 F.3d 733, 736 (8th Cir. 2012); *United States v. Miller*, 478 F.3d 48, 52 (1st Cir. 2007) ("The court is not required either to wear blinders or to leave common sense out of the equation.").

The *Shepard* documents for Batey's 2011 aggravated assault conviction establish it is a violent felony under the ACCA. His three charges of violating Tenn. Code Ann. § 39-13-102 employed language that matches the wording of subsection (a)(1)(B) exactly. Each count mentions a different victim, but all mention that the deadly weapon was a handgun. Batey pleaded guilty to the first count in order to have the second and third dismissed. Finally, the judgment form confirms that Batey pleaded to Count 1 and a Class C felony. Although this form does not specify the specific subsection, there is no indication in any of the other *Shepard* documents that Batey pleaded guilty to subsection (b) or (c), the only other Class C felonies, to contradict all the evidence that he pleaded guilty to subsection (a)(1)(B). *See United States v. West*, 799 F. App'x 322, 328 (6th Cir. 2020) (finding that no reference to a parent-child relationship or the existence of a restraining order in the *Shepard* documents ruled out the conclusion that a defendant had pleaded to the (b) or (c) variants because "Tennessee Rule of Criminal Procedure 11 requires that

a court 'determine that there is a factual basis for [a guilty] plea' before accepting it") (quoting Tenn. R. Crim. P. 11(b)(3); alteration in original). Convictions under § 39-13-102(a)(1)(B) are violent felonies under the ACCA's use-of-force clause. *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016). Thus, the 2011 aggravated assault conviction is a second predicate offense for Batey's status as an armed career criminal.

B. 2016 Conviction

On July 21, 2016, when Batey was convicted of aggravated assault, the relevant state statute read:

> (a)(1) A person commits aggravated assault who:
>> (A) Intentionally or knowingly commits an assault as defined in § 39-13-101, and the assault:
>>> (i) Results in serious bodily injury to another;
>>> (ii) Results in the death of another;
>>> (iii) Involved the use or display of a deadly weapon; or
>>> (iv) Involved strangulation or attempted strangulation; or
>> (B) Recklessly commits an assault as defined in § 39-13-101(a)(1), and the assault:
>>> (i) Results in serious bodily injury to another;
>>> (ii) Results in the death of another; or
>>> (iii) Involved the use or display of a deadly weapon.
> (2) For purposes of subdivision (a)(1)(A)(iv), "strangulation" means intentionally or knowingly impeding normal breathing or circulation of the blood by applying pressure to the throat or neck or by blocking the nose and mouth of another person, regardless of whether that conduct results in any visible injury or whether the person has any intent to kill or protractedly injure the victim.
> . . .

Tenn. Code Ann. § 39-13-102 (effective July 1, 2015).

The *Shepard* documents for Batey's 2016 aggravated assault establish that the charged offense is a violent felony under the ACCA. Here, the indictment charges Batey with violating Tenn. Code Ann. § 39-13-102 in language that matches subsection (a)(1)(A)(iii) in that it mentions

stabbing with a homemade knife. But the judgment indicates Batey is pleading guilty to Count 1 and a Class C felony, while listing subsection (a)(1)(A)(iv) as the statutory basis for the conviction. We do not have a plea colloquy or any other *Shepard* documents. Subsection (a)(1)(A)(iii)'s language tracks the previously discussed language of subsection (a)(1)(B) that underlaid his 2011 conviction, which was found to be a violent felony under the ACCA in *Braden*. Subsection (a)(1)(A)(iv) was enacted after the 2011 conviction, along with the definition of "strangulation" in (a)(2). "[I]ntentionally or knowingly impeding [or attempting to impede] normal breathing or circulation of the blood by applying pressure to the throat or neck or by blocking the nose and mouth of another person" necessarily involves "the use, attempted use, or threatened use of physical force against the person of another[.]" Tenn. Code Ann. § 39-13-102(a)(2) (effective July 1, 2015); 18 U.S.C. § 924(e)(2)(B)(i). In light of this definition, (a)(1)(A)(iv) clearly qualifies as a violent felony under the ACCA's use-of-force clause. Five of our sister circuits have also found assault involving strangulation or attempted strangulation to satisfy this use-of-force language. *See United States v. Rice*, 36 F.4th 578, 586 (4th Cir. 2022); *United States v. Lopez-Castillo*, 24 F.4th 1216, 1218–19 (8th Cir. 2022); *United States v. Dowthard*, 948 F.3d 814, 819–20 (7th Cir. 2020); *Flores-Vega v. Barr*, 932 F.3d 878, 883–84 (9th Cir. 2019); *United States v. Dixon*, 874 F.3d 678, 680–82 (11th Cir. 2017).

From the available *Shepard* documents, we cannot discern why Batey agreed to plead guilty to a different subsection of Tennessee Code § 39-13-102 than what he apparently was charged with in the indictment. We have previously held that we should not favor the originally charged offense over the one that the defendant eventually pleaded to. *United States v. Benton*, 639 F.3d 723, 730–31 (6th Cir. 2011). So for our analysis, it does not matter why Batey pleaded to subsection (a)(1)(A)(iv) because that subsection constitutes a violent felony under the ACCA.

Therefore his 2016 conviction qualifies as his third predicate offense, justifying the armed career criminal designation.

## III.

For the foregoing reasons, we agree with the district court's determination that Batey is subject to a sentencing enhancement under the ACCA as an armed career criminal. Accordingly, we AFFIRM his sentence.