[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10503
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60178-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

MARCUS, Circuit Judge:

Shawn Dixon appeals his sentence at the bottom of the guideline range for

being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C.

§ 922(g)(1).    On  appeal,  Dixon  argues  that  the  sentencing  court  erred  in

determining that his Florida conviction for domestic battery by strangulation qualified as a "crime of violence" because the statute criminalizes non-violent touching that creates a de minimis risk of great bodily harm.  After thorough review, we affirm.

The relevant facts are these.  Dixon pleaded guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Dixon submitted a factual statement in support of his plea, and admitted that officers had found crack cocaine, marijuana, a firearm, and ammunition in his apartment; and that records indicated that Dixon was a convicted felon whose civil rights had not been restored.  In the presentence investigation report ("PSI") prepared for his sentencing hearing, the probation officer calculated Dixon's base offense level using U.S.S.G. § 2K2.1(a)(2), because Dixon had committed the offense after sustaining at least two felony convictions for either a crime of violence or a controlled substance offense -- namely, a Florida conviction for delivery of cocaine and a Florida conviction for felony domestic battery by strangulation.  According to the PSI, the domestic-battery-by-strangulation offense occurred when Dixon and the victim, who had been in a consensual relationship, had a verbal altercation at their apartment.  When the victim tried to leave, Dixon grabbed her by the neck, lifted her off the ground, and started to strangle her.  At

that point, Dixon said, "If I can't have you no one will," and threw the victim through a closed bedroom door, after which she fled the apartment.

In his objections to the PSI, Dixon argued that his Florida domestic-battery-by-strangulation conviction did not qualify as a "crime of violence," because it did not require violent force, but only de minimis force. The district court overruled Dixon's objection, concluding that Florida domestic battery by strangulation constituted a crime of violence because the actual, threatened, or attempted use of physical force was required to commit the crime, and one could not impede normal breathing or circulation without creating a risk of great bodily harm. The district court ultimately sentenced Dixon to 70 months' imprisonment, the lowest end of the advisory guidelines range, and 2 years' supervised release.

We review de novo whether a defendant's prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. United States v. Garcia-Martinez, 845 F.3d 1126, 1129–30 (11th Cir. 2017).

A defendant's base offense level for a violation of 18 U.S.C. § 922(g) increases if the defendant has at least two prior felony convictions for a "crime of violence" or a "controlled substance offense." U.S.S.G. § 2K2.1(a)(2). A "crime of violence" under U.S.S.G. § 2K2.1 includes any offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

3

U.S.S.G. § 2K2.1, comment. (n.1); U.S.S.G. § 4B1.2(a)(1). In determining whether a conviction is a "crime of violence" under this provision, known as the "elements clause," we rely on cases interpreting the definition of "violent felony" under the Armed Career Criminal Act ("ACCA") because the definitions are substantially the same. United States v. Martin, 864 F.3d 1281, 1282–83 (11th Cir. 2017).

To determine whether a prior conviction qualifies as a "crime of violence," we apply a categorical approach, looking at the statutory definition of a prior offense rather than at the particular facts underlying a conviction. United States v. Vail-Bailon, 868 F.3d 1293, 1296 (11th Cir. 2017) (en banc). A prior conviction qualifies as a "crime of violence" under the elements clause of the Sentencing Guidelines only if the minimum conduct criminalized by the statute necessarily involves "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §§ 4B1.2(a)(1), 2K2.1; Vail-Bailon, 868 F.3d at 1297. The phrase "physical force" means "violent force -- that is, force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140 (2010). Force need not be "likely to cause pain" to be "capable" of causing physical pain. Vail-Bailon, 868 F.3d at 1301–02.

While federal law determines the meaning of "physical force," state law determines the elements of the underlying state statute. Id. at 1304. In Florida, a person commits the offense of domestic battery by strangulation if

> the person knowingly and intentionally, against the will of another, impedes the normal breathing or circulation of the blood of a family or household member or of a person with whom he or she is in a dating relationship, so as to create a risk of or cause great bodily harm by applying pressure on the throat or neck of the other person or by blocking the nose or mouth of the other person.

Fla. Stat. § 784.041(2)(a). Phrased differently, § 784.041(2)(a) requires proof that the defendant knowingly and intentionally impeded the normal breathing or blood circulation of a qualifying victim either by (a) "applying pressure" on the victim's throat or neck or (b) "blocking" the victim's nose or mouth. See In re Std. Jury Instructions in Crim. Cases -- Report No. 2008-05, 994 So.2d 1038, 1042 (Fla. 2008). In engaging in this conduct, the defendant must create a risk of or cause great bodily harm. Id. Florida courts have said that "great bodily harm" does not include slight, trivial, minor, or moderate harm, such as mere bruising, but instead requires severe physical injury. Vail-Bailon, 868 F.3d at 1303.

In Curtis Johnson, the Supreme Court held that a Florida conviction for simple battery did not require violent force because it could result from mere intentional contact, no matter how slight. 559 U.S. at 138–45. Dixon argues that Curtis Johnson requires a finding that domestic battery by strangulation does not categorically require the use of force. We disagree.

5

The inquiry into the minimum conduct criminalized by the state statute must remain within the bounds of plausibility.  Moncrieffe v. Holder, 569 U.S. 184, 191 (2013).  That is, we must ask if the statute "plausibly covers any non-violent conduct."  United States v. McGuire, 706 F.3d 1333, 1337 (11th Cir. 2013); see Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) (requiring "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the standard).  "Only if the plausible applications of the statute of conviction all require the use or threatened use of force can [Dixon] be held guilty of a crime of violence."  McGuire, 706 F.3d at 1337.

Here, we are unpersuaded by Dixon's claim that the sentencing court erred in determining that his Florida conviction for domestic battery by strangulation qualified as a "crime of violence" under the elements clause found in the Sentencing Guidelines.  The statute expressly provides that a violation occurs when a person "knowingly and intentionally, against the will of another, impedes the normal breathing or circulation of the blood of" a victim "so as to create a risk of or cause great bodily harm by applying pressure on the throat or neck of the other person or by blocking the nose or mouth of the other person."  Fla. Stat. §784.041(2)(a).  This means that the defendant's conduct must have impeded the victim's normal breathing or circulation, to the degree that he "create[d] a risk of or cause[d] great bodily harm."  Fla. Stat. §784.041(2)(a).  In other words, not

6

every act of applying pressure or blocking a passageway violates the statute.  The act must impede breathing or circulation, and beyond that, must cause great bodily harm or create a risk of great bodily harm.

Dixon argues that creating a de minimis risk of great bodily harm would satisfy the statute -- by "applying pressure on the throat or neck of the other person or by blocking the nose or mouth of the other person" -- but that alone does not prevent the statute from categorically requiring violent force.  Instead, as we've explained, the statute requires the offender's contact with a victim to have "create[d] a risk of or cause[d] great bodily harm."  Fla. Stat. § 784.041(2)(a).  And even assuming that "applying pressure" and "blocking" require no more than intentional touching and therefore do not require violent force, Curtis Johnson, 559 U.S. at 138, 145, Florida's domestic-battery-by-strangulation statute also requires that offenders knowingly and intentionally impede breathing or blood circulation, Fla. Stat. § 784.041(2)(a) -- conduct that is necessarily capable of causing physical injury.  Curtis Johnson, 559 U.S. at 140.  Based on the plain language of the statute, we conclude that it is impossible to commit this offense without using "violent force" -- that is, force capable of causing physical pain or injury to another person.

Dixon also offers various hypotheticals in an attempt to show that non-violent conduct could violate the statute.  However, he concedes that his

7

hypotheticals are not rooted in caselaw and that Florida courts have not determined what amount of risk would be required.  What's more, Dixon's hypotheticals do not plausibly show that non-violent conduct could violate the statute.  Rather, the conduct involved in each of Dixon's hypotheticals -- temporarily placing a hand or pillow over a spouse's nose, mouth, or throat, removing a spouse's sleep apnea breathing mask, holding a spouse's head under water, or sitting on a spouse's chest -- would either be too insignificant to impede breathing or circulation, and thus would not violate the statute, or else would, in fact, require violent force.    Fla. Stat. § 784.041(2)(a).

For starters, it is not clear that the sleep-apnea-mask and sitting-on-someone's-chest hypotheticals would involve "applying pressure on the throat or neck" or "blocking the nose or mouth," as required by the statute. Id.  Moreover, while placing a hand over the mouth or nose areas using slight pressure might impede breathing momentarily, we do not see how it could "create a risk of great bodily harm" unless sufficient force was used to keep the hand over the victim's nose or mouth sufficiently long enough to deprive the victim of needed oxygen. Likewise, the brief application of slight pressure to the victim's neck or throat might impede normal circulation momentarily, but it seems implausible that a brief impediment to normal circulation could even leave a bruise, let alone create a risk of great bodily harm.

8

On the other end of the spectrum, some of Dixon's hypotheticals undeniably would involve violent force, whether or not they violated the Florida statute. Indeed, because the statute requires that the defendant's act be against the victim's will, it seems clear that "holding [a spouse's head] under [] water by applying pressure" and "[s]itting on a spouse's chest and placing a hand over their mouth" would evidence violent force by any plausible interpretation. These acts are certainly not tantamount to a tap on the shoulder, and Dixon fails to explain why crimes like these should not constitute crimes of violence.

In short, Dixon has not shown that the domestic-battery-by-strangulation statute was designed to criminalize the conduct in his hypotheticals or that there is a realistic probability that Florida would apply the statute to this kind of conduct. See Gonzales, 549 U.S. at 193. As a result, we conclude that Florida's domestic-battery-by-strangulation statute requires conduct that categorically requires the use of violent force. Accordingly, Florida's domestic-battery-by-strangulation statute qualifies as a "crime of violence" under the elements clause, and we affirm.

**AFFIRMED**.

9