[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12729
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60005-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ALEXANDER CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 8, 2019)

Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

David Campbell appeals his 144-month sentence for his conviction of importing cocaine.  He challenges his designation as a career offender under the Sentencing Guidelines and argues that his sentence is substantively unreasonable. On his career-offender designation, Campbell argues that his prior conviction for Florida robbery was improperly determined to be a predicate offense under the Sentencing Guidelines career-offender provision; he acknowledges our binding precedent is to the contrary. Campbell also asserts that he should have been granted a greater downward variance because of his advanced age, the nonviolent nature of his crime, and his relationship with his family. No reversible error has been presented.

I.

We review *de novo* "whether a conviction qualifies as a crime of violence under the Sentencing Guidelines." *United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017).   Under the Guidelines, a defendant is considered a career offender subject to an enhanced sentence if (1) he is at least 18 years old at the time of the commission of the offense of conviction, (2) the offense of conviction is a felony

2

crime of violence or controlled substance offense, and (3) he has at least two prior felony convictions for a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a).  The Guidelines define a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a).

We have concluded that a conviction under Florida's robbery statute, Fla. Stat. § 812.13(1), qualifies as a crime of violence under both the "elements" clause of the crime of violence definition and under the list of enumerated offenses. *United States v. Lockley*, 632 F.3d 1238, 1244-45 (11th Cir. 2011) (concluding that Florida's robbery statute "is indeed generic" and also has as an element the use, attempted use, or threatened use of physical force against the person of another).

In *Stokeling*, the Supreme Court held that Florida robbery qualifies as a violent felony under the Armed Career Criminal Act's ("ACCA") elements clause because "the term 'physical force' in ACCA encompasses the degree of force necessary to commit common-law robbery [and] Florida robbery requires that same degree of 'force.'"  *Stokeling v. United States*, 2019 U.S. LEXIS 725, *21, 139 S. Ct. 544 (2019).  The definition of a "violent felony" under the ACCA is

3

"virtually identical" to the definition of "crime of violence" under the Sentencing Guidelines.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or our Court *en banc*.  *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Here, Campbell's arguments are squarely foreclosed by precedent.[*]  Florida robbery is a crime of violence under *Lockley*, as further confirmed in *Stokeling*, and we are bound by this precedent.  Accordingly, we affirm Campbell's designation as a career offender under the Sentencing Guidelines.

## II.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review, regardless of whether the sentence imposed is within or outside the guideline range.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We examine whether the sentence is substantively reasonable under the totality of the circumstances and in the light of the 18 U.S.C. § 3553(a) factors.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  The party

---

[*] To the extent that Campbell requested in his briefs that we delay ruling on his case until issuance of the Supreme Court's decision in *Stokeling*, that request is now moot, for *Stokeling* has been issued.

4

challenging the sentence has the burden to show that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, and avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the history and characteristics of the defendant. *Id.* § 3553(a)(1).

The weight given to any specific § 3553(a) factor is up to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court abuses its discretion when it (1) does not consider significant, relevant factors, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error in judgment in balancing proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted). A sentence within the guideline range is ordinarily expected to be reasonable, *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015); and a sentence below the statutory-maximum sentence is an indicator of a reasonable sentence, *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

The district court did not abuse its discretion in sentencing Campbell to 144 months' imprisonment. The 44-month downward variance reflected the court's consideration of Campbell's characteristics (including his age, low risk of recidivism, and family relationship) and of the seriousness of his criminal history.

Campbell's sentence is not outside the range of reasonable sentences; we affirm.

**AFFIRMED.**