[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11872
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cr-80095-BB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE JUSTIN DAWKINS,
a.k.a. "J-Bo",

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 15, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Willie Justin Dawkins appeals his 210-month sentence following his conviction on drug and firearm charges.  He argues that the district court erred in applying sentencing enhancements for his prior Florida robbery conviction because that offense does not qualify as a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), or the career offender provisions of the advisory sentencing guidelines, U.S.S.G. §§ 4B1.1 & 4B1.2.  After reviewing the record and the parties' briefs, we affirm.

# I

In December of 2017, a federal grand jury charged Mr. Dawkins with five counts of distributing a substance containing heroin and fentanyl, one count of distributing a substance containing heroin, one count of distributing a substance containing fentanyl, one count of distributing a substance containing a fentanyl analogue, and one count of possessing a firearm as a felon.  *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 2, 922(g), & 924(e).

Mr. Dawkins pled guilty to seven of the eight drug counts. He proceeded to trial on the felon in possession charge and on one of the counts of distributing a substance containing heroin and fentanyl.  In January of 2018, the jury returned guilty verdicts on both of these charges.

2

The presentence investigation report (PSI) determined that Mr. Dawkins was an armed career criminal under the ACCA, 18 U.S.C. § 924(e), because he had previously been convicted under Florida law of possession of cocaine with intent to sell, aggravated assault with a deadly weapon, and robbery.  The PSI also concluded that, based on these same convictions, Mr. Dawkins was a career offender under the advisory guidelines.  *See* U.S.S.G. §§ 4B1.1, 4B1.2.  The PSI applied both the armed career criminal and the career offender enhancements and calculated an advisory guideline range of 235 to 293 months of imprisonment.

Mr. Dawkins filed objections to the PSI, arguing that his Florida robbery conviction, *see* Fla. Stat. § 812.13, did not qualify as a predicate felony for either the ACCA enhancement or the career offender enhancement. The district court disagreed, determined that Mr. Dawkins was subject to both enhancements, and sentenced him to 210 months of imprisonment. Mr. Dawkins now appeals.[1]

## II

We review de novo whether a prior conviction qualifies as a violent felony under the ACCA. *See, e.g., United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).  We also review de novo whether a conviction qualifies as a crime of violence

---

[1] Mr. Dawkins does not dispute that his convictions for possession of cocaine with intent to sell and aggravated assault with a deadly weapon are predicate felonies for both enhancements.

under the advisory guidelines. *See United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017).

## III

The ACCA imposes a 15-year minimum sentence on a defendant who is convicted of possession of a firearm by a convicted felon and has three prior convictions for a "violent felony" or "serious drug offense." *See* 18 U.S.C. § 924(e)(1). Under the ACCA's elements clause, a "violent felony" includes any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2).

Mr. Dawkins argues that Florida robbery does not qualify as a violent felony under the elements clause. He acknowledges—as he did before the district court— that this argument is foreclosed by binding Eleventh Circuit precedent. *See, e.g., United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006) (holding that Florida robbery is categorically a violent felony under the elements clause of the ACCA); *United States v. Fritts*, 841 F.3d 937, 943-44 (11th Cir. 2016) (same). But he contends that *Dowd* and its progeny were wrongly decided. And he notes that, at the time that he filed his initial brief, a case was pending before the United States Supreme Court which concerned whether Florida robbery qualifies as a violent felony under the elements clause.

4

Shortly after Mr. Dawkins filed his brief, the Supreme Court decided that case, and upheld our determination in *Dowd* that Florida robbery qualifies as a violent felony.  *See Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) ("Florida robbery qualifies as an ACCA-predicate offense under the elements clause.").  Because the Supreme Court's decision in *Stokeling* forecloses Mr. Dawkins' sole argument concerning the ACCA enhancement, we affirm the district court's application of that enhancement.

Mr. Dawkins also challenges the district court's application of the career offender enhancement under the advisory guidelines.  A defendant is subject to the career offender enhancement if, among other things, he has at least two prior felony convictions for a "crime of violence."  *See* U.S.S.G. § 4B1.1.  The guidelines define a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, [or] robbery," among other enumerated offenses. § 4B1.2(a).

Mr. Dawkins argues that Florida robbery does not qualify as a "crime of violence" under either the elements clause or the enumerated offenses clause of the career offender provisions.  But this argument, too, is foreclosed by precedent.  We have held that Florida robbery qualifies as a crime of violence under both clauses. *See United States v. Lockley*, 632 F.3d 1238, 1242-45 (11th Cir. 2011).

5

We recognize that Mr. Dawkins contends that *Lockley* was wrongly decided. Specifically, he asserts that, contrary to *Lockley*'s analysis, the Florida robbery statute criminalizes a broader range of conduct than generic robbery.[2] But under the prior precedent rule, we are bound by *Lockley* unless and until it is overruled by the Supreme Court or by this court sitting *en banc*. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). We therefore affirm the district court's application of the career offender enhancement.

## IV

For the foregoing reasons, we affirm Mr. Dawkins' sentence.

**AFFIRMED.**

---

[2] According to Mr. Dawkins, the generic form of robbery requires that the defendant use violence or intimidation as a part of—or at least contemporaneously with—the taking of property. In contrast, he contends, the Florida statute criminalizes instances in which the defendant uses violence or intimidation before or after taking property. *See* Fla. Stat. § 812.13(3)(b) (defining a use of force, violence or intimidation "in the course of the taking" as one that "occurs either prior to, contemporaneous with, or subsequent to the taking of the property if it and the act of taking constitute a continuous serious of acts or events"). Whatever the merits of Mr. Dawkins' contention, it is foreclosed by our holding in *Lockley*.