[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11028
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00025-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM THOMAS DURHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 1, 2019)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

William Durham appeals the 110-month's prison sentence the district court imposed after accepting his plea of guilty to possession of a firearm by a convicted felon. First, he argues that the district court improperly used his prior conviction for Florida felony battery, Fla. Stat. § 784.041, as a predicate crime of violence in calculating his base offense level. Second, he argues that his sentence, which was within the Guidelines sentence range, was substantively unreasonable because the district court did not vary downward based on mitigating factors, including his current and past mental health and substance abuse struggles.

I.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017). We are bound by a prior panel opinion, even if wrongly decided, until the opinion's holding is overruled by the Supreme Court or this Court sitting *en banc*. *See United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017). We have held that the Florida crime of felony battery, in violation of Fla. Stat. § 784.041, is categorically a crime of violence under the Sentencing Guidelines. *United States v. Vail-Bailon*, 868 F.3d 1293, 1299 (11th Cir. 2017) (*en banc*), *cert denied*, 138 S. Ct. 2620 (2018).

2

Durham's argument that his prior conviction under § 784.041 was not a crime of violence is foreclosed by *Vail-Bailon*.  Accordingly, the district court did not err in using the conviction in calculating Durham's base offense level.

## II.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41 (2007).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id.* § 3553(a)(1).

The weight given to any specific 18 U.S.C. § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  However, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Finally, although we do not presume that a

sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The district court did not abuse its discretion in imposing Durham's sentence, which was within the Guidelines sentence range, because it properly considered the mitigating factors Durham advanced and was within its discretion to give greater weight to Durham's criminal history and the nature and circumstances of the offense.

**AFFIRMED.**