[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10457
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80177-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS R. CAPLE,
a.k.a. Murda,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 4, 2020)

Before BRANCH, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Cornelius Caple appeals his 132-month total sentence imposed after Caple pleaded guilty to four counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). No reversible error has been shown; we affirm.

Before sentencing, a probation officer prepared a Presentence Investigation Report ("PSI"). In pertinent part, the PSI designated Caple as a career offender under U.S.S.G. § 4B1.1(a). As predicate offenses for the career-offender enhancement, the PSI listed (1) Caple's 2006 Florida conviction for possession of cocaine and heroin with intent to sell, in violation of Fla. Stat. § 893.13(a)(1), and (2) Caple's 2018 conviction for aggravated assault with a firearm, in violation of Fla. Stat. § 784.021. Based on Caple's total offense level of 29 and criminal history category of VI, Caple's advisory guideline range was calculated as 151 to 188 months' imprisonment.

Caple objected to the PSI's career-offender designation. Caple, however, acknowledged that his arguments were inconsistent with this Court's existing precedent. The sentencing court overruled Caple's career-offender objection and imposed a below-guidelines sentence of 132 months.

2

On appeal, Caple reasserts his arguments challenging his designation as a career offender. We review de novo the district court's application of the sentencing guidelines, including the district court's determination that a defendant qualifies as a career offender. See United States v. Pridgeon, 853 F.3d 1192, 1198 n.1 (11th Cir. 2017). We review de novo whether a prior conviction qualifies as a "controlled substance offense" or a "crime of violence" under the guidelines. See United States v. Lange, 862 F.3d 1290, 1293 (11th Cir. 2017) (controlled substance offense); United States v. Dixon, 874 F.3d 678, 680 (11th Cir. 2017) (crime of violence).

Under the sentencing guidelines, a defendant is subject to an enhanced sentence as a career offender if (1) he was at least 18 years' old when he committed the instant offense; (2) the instant offense is a felony that is also either a crime of violence or a controlled substance offense; and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). That Caple satisfied the first two criteria is undisputed. Caple challenges only whether his prior Florida felony convictions qualify as predicate offenses under the career-offender enhancement.

Caple first contends that his 2006 Florida drug conviction is not a "controlled substance offense" as defined by the guidelines. Caple says the term

3

"controlled substance offense" should be interpreted to include an implied mens rea element.  Because Fla. Stat. § 893.13 includes no mens rea requirement about the illicit nature of the controlled substance, Caple says his 2006 Florida drug conviction cannot serve as a predicate offense under section 4B1.1(a).

Caple concedes his controlled-substance-offense argument is foreclosed by our binding precedent.  See United States v. Smith, 775 F.3d 1262, 1266-68 (11th Cir. 2014) (concluding that a conviction under Fla. Stat. § 893.13 constitutes a "controlled substance offense" within the meaning of the guidelines: a predicate state offense need not include "an element of mens rea with respect to the illicit nature of the controlled substance."); see also Pridgeon, 853 F.3d at 1197-98 (upholding the decision in Smith).

Caple next argues that his 2018 Florida conviction for aggravated assault with a firearm constitutes no "crime of violence" under the guidelines.  Caple concedes that this argument is foreclosed by our binding decisions in Turner and in Golden.  See United States v. Turner, 709 F.3d 1328, 1338 (11th Cir. 2013) (concluding that Florida aggravated assault qualifies categorically as a violent felony under the "elements" clause of the Armed Career Criminal Act ("ACCA")); United States v. Golden, 854 F.3d 1256, 1257 (11th Cir. 2017) (reaffirming Turner and concluding that Florida aggravated assault constitutes a "crime of violence"

4

under the elements clause of U.S.S.G. § 4B1.2(a)(1): a clause identical to the ACCA's elements clause).

To the extent Caple contends that our decisions in Smith, Turner, and Golden were wrongfully decided, we must decline to address those arguments on appeal. Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

AFFIRMED.