[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11347
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cr-00100-RV-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID DENVER HOLLAND,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 17, 2020)

Before MARTIN, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, David Holland, appeals the district court's imposition of his 60-month sentence for his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Holland argues that the district court improperly calculated his base offense level after finding that his Florida state conviction for second-degree arson qualified as a "crime of violence" under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2. The government responds that it is not necessary for this court to consider Holland's guideline challenge because any sentencing error was harmless. After reviewing the record and reading the parties' briefs, we agree with the government and affirm Holland's 60-month sentence.

## I.

In August 2019, a federal grand jury in the Northern District of Florida charged Holland with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Following a hearing, Holland pled guilty pursuant to a written plea agreement. The presentence investigation report ("PSI") stated the offense conduct: Florida police served an arrest warrant on Holland at his father's home and discovered drugs on Holland's person and inside his room, along with a loaded handgun and a tray of ammunition in his immediate vicinity. Upon later examination, authorities discovered that the firearm had traveled in or affected interstate commerce. The authorities also learned that

2

Holland's right to own or possess a firearm had not been restored at the time of the offense, and Holland had seven prior felony convictions.

The PSI initially assigned Holland a base offense level of 20 but after several adjustments and deductions due to his acceptance of responsibility, Holland's total offense level was 21. The PSI described Holland's prior convictions, and based on these convictions, calculated his criminal history score at 21, which set his criminal history category at VI. Based on this offense level and criminal history category, the PSI found Holland's guideline imprisonment range to be 77 to 96 months, subject to a statutory maximum of 10 years.

Prior to sentencing, Holland objected that the PSI improperly calculated his base offense level because it found that his 2000 second-degree Florida arson conviction, pursuant to Florida Statute § 806.01(2), was a crime of violence under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a). This classification increased his base offense level from 14 to 20. Holland first argued that his second-degree arson conviction did not qualify as a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a)(1) because the Florida statute did not involve as an element of the offense the use of physical force against another person as required to be considered a crime of violence. Second, Holland claimed that his state conviction did not qualify as a crime of violence under U.S.S.G. § 4B1.2(a)(2)'s enumeration clause because the Florida statute was much broader than the generic offense.

Holland reiterated his objections at sentencing, and the government opposed the objections.

The district court overruled Holland's objections, but following an exchange not relevant to the present appeal, the district court removed the 4-level adjustment under U.S.S.G. § 2K2.1(b)(6), which decreased his offense level to 17 and his sentencing range to 51 to 63 months. After arguing mitigation, Holland requested that the district court sentence him within the guideline range to no more than 60 months. The district court sentenced Holland to 60 months' imprisonment, followed by three years of supervised release.

In imposing the sentence, the district court stated that it considered the relevant sentencing factors under 18 U.S.C. § 3553(a) and found that the 60-month sentence was appropriate in this case. The district court noted that Holland had some good characteristics but needed to quit making bad decisions; that the sentence was intended to deter him from committing more crimes in the future; and that Holland needed to participate in a drug abuse program once incarcerated. Importantly, the district court stated that even if it had agreed with Holland's argument about his second-degree arson conviction, it still would have sentenced him to at least 60 months' imprisonment because Holland was a repeat offender: Holland had been convicted of the same offense before and had been before the same district court. (R. Doc. 51 at 20-64.)

4

## II.

This court normally reviews *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017). When a district court may have erred in sentencing, but the court indicates that it would have imposed the same sentence without the error, and the ultimate sentence is substantively reasonable, we need not remand. *See United States v. Keene*, 470 F.3d 1347, 1348–50 (11th Cir. 2006); *see also United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020). In reviewing sentences for substantive reasonableness, we "consider the totality of the circumstances and evaluate whether the sentence achieves the sentencing purposes stated in [18 U.S.C.] § 3553(a)." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). However, the weight given to any specific 18 U.S.C. § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (citations omitted).

The district court need not specifically address every mitigating factor raised by the defendant for this court to determine that the sentence is substantively reasonable. *United States v. Scott*, 426 F.3d 1324, 1329–30 (11th Cir. 2005). Additionally, we do not apply a presumption of reasonableness to sentences within the Guideline range, but we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). We consider the

district court's imposition of a sentence well below the statutory maximum penalty to be an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). After evaluating a sentence for reasonableness, we will only vacate a defendant's sentence if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

## III.

Under *Keene*, we need not reach the merits of Holland's arguments regarding the classification of his Florida second-degree arson conviction because the record demonstrates that any sentencing error was harmless. The district court stated at the sentencing hearing that it would have sentenced Holland to "at least" 60 months' imprisonment regardless of whether the second-degree arson conviction was a "crime of violence." (R. Doc. 51 at 63–64.) In a case like this, where the district court states that the resolution of a disputed guideline issue would make no difference to the sentence imposed, we have noted that any guideline error is harmless as long as the sentence is reasonable. *Keene*, 470 F.3d at 1349.

6

To assess whether a sentence is reasonable, we consider the § 3553(a) factors as well as the guideline range. *Id.* at 1350. The burden of establishing that the sentence is unreasonable in light of these factors lies with Holland. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Holland cannot meet his burden of showing that his 60-month sentence is substantively unreasonable. First, the sentence is well below the statutory maximum of 120 months' imprisonment, which strongly indicates that the sentence is reasonable. *See United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016) ("The sentence is also significantly less than the applicable statutory maximum of life in prison, which points strongly to reasonableness."). Second, the record confirms that the district court considered the § 3553(a) factors in imposing the 60-month sentence.

In addition, the PSI noted that Holland's criminal history included 13 prior convictions, including convictions for arson, possession of numerous controlled substances, and a battery, as well as a previous federal conviction for possession of a firearm by a convicted felon where the same district court sentenced Holland to 37 months' imprisonment. The district court's concerns about specific deterrence and recidivism were well founded, and it cited Holland's status as "repeat" offender as the prevailing reason why it would not impose a sentence below 60 months regardless of the guideline range. (Doc. 51 a 63–64.) The record also indicates that the district court considered and accounted for mitigating factors.

7

Furthermore, it is worth noting that Holland asked the district court to sentence him to 60 months' imprisonment.

Based on our review of the record, we conclude that the district court's imposition of a 60-month sentence in this case was substantively reasonable. The district court considered all relevant § 3553(a) sentencing factors, the guideline range, mitigating factors, and Holland's own sentencing request. Accordingly, for the aforementioned reasons, we affirm Holland's 60-month sentence.

**AFFIRMED**.