[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12309

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENT ALLEN CRAWFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:19-cr-00118-WTM-CLR-1

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges

PER CURIAM:

Kent Crawford appeals his enhanced sentence of 120 months' imprisonment under the career-offender guideline, U.S.S.G. § 4B1.1, for 1 count of mailing a threatening communication in violation of 18 U.S.C. § 876(c). On appeal, Crawford argues that the district court erred in sentencing him as a career offender after determining that his present and prior convictions all were "crimes of violence" under U.S.S.G. § 4B1.2(a) because, he argues, there are open questions about whether they categorically qualify under the elements clause, and, if not, whether the statutes are divisible and subject to the modified categorical approach.

I.

We review *de novo* whether a defendant's prior conviction qualifies as a "crime of violence under the Sentencing Guidelines. *United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017). However, when a party fails to make specific objections at sentencing after being given an opportunity to do so by the district court, challenges to the sentence on appeal will be reviewed only for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). "To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quotation marks and citation omitted). The particular ground upon which appellate relief is sought must be the same as the what the party argued at the district court. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005); *see also United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019) (noting that plain error was the appropriate standard where a defendant argued before the district court that he was entitled to an "innocent transitory possession" defense but argued on appeal that the term

"unlawful possession" was unconstitutionally vague).  A defendant does not preserve an issue for appeal if the factual predicates of the objection are included in the sentencing record but were presented to the sentencing court under a different legal theory.  *Straub*, 508 F.3d at 1011.  "The objection must be raised in such clear and simple language that the trial court may not misunderstand it."  *Id.* (quotation marks and citation omitted).

To show plain error, the defendant must show that (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings.  *Ramirez-Flores*, 743 F.3d at 822.  "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred."  *Id.* (citation omitted). "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is not precedent from the Supreme Court or this Court directly resolving it."  *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (quotation marks omitted).

Section 4B1.1 of the Sentencing Guidelines provides that

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

4                          Opinion of the Court                    20-12309

Section 4B1.2(a) of the Sentencing Guidelines defines a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a)(1)-(2). The definition of "violent felony" under the ACCA is nearly identical to the definition of "crime of violence" under the Guidelines, and, thus, decisions about one have been applied to the other. *United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015). A "crime of violence" requires a higher *mens rea* than accidental or negligence conduct. *See Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004) (holding that driving under the influence was not a "crime of violence" under 18 U.S.C.§ 16(b)); *see also Borden v. United States*, 141 S. Ct. 1817, 1821-22 (2021) (holding that a criminal offense with a *mens rea* of recklessness cannot qualify as a "violent felony" under the ACCA).

In resolving whether a prior conviction triggers a guideline enhancement, we generally apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990) *Ramirez-Flores*, 743 F.3d at 820. If the statute of conviction "sweeps more broadly" than the generic offense, a conviction cannot categorically count as a crime of violence. *Id.* However, if a

statute is "divisible," in that it sets out one or more elements of the offense in the alternative, we must apply the modified categorical approach. *Descamps v. United States*, 570 U.S. 254, 260 (2013). If at least one of the alternative elements matches the generic definition, we then may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element formed the basis of the defendant's prior conviction." *Id.* at 262. The modified approach, thus, allows us to "identify, from among several alternatives, the crime of conviction" so that we can then compare it to the generic offense. *Id.* at 264.

Section 876(c) of Title 18 of the U.S. Code prohibits knowingly depositing, or causing to be delivered, "any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another." 18 U.S.C. § 876(c). Likewise, under 18 U.S.C. § 844(e), it is unlawful to use "the mail, telephone, telegraph, or other instrument of interstate . . . commerce [to] willfully make[] any threat . . . to kill, injury, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property by means of fire or an explosive." 18 U.S.C. § 844(e). Finally, 18 U.S.C. § 115(a) provides that it is illegal to

> . . . threaten[] to assault, kidnap, or murder . . . a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under [18 U.S.C. § 1114], with intent to impede, intimidate, or interfere with such official, judge or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate    against    such    official,    judge,    or    law

enforcement officer on account of the performance of official duties.

18 U.S.C. 115(a)(1)(B).

We have held that a conviction under § 115(a)(1)(B) constitutes a crime of violence under § 4B1.2(a). *United States v. Bonner*, 85 F.3d 522, 527 (11th Cir. 1996).[1] In *Bonner*, the defendant made 20 anonymous phone calls to an Assistant U.S. Attorney, threatening, among other things, to "destroy" him and "cut [him] open." *Id.* at 523. We held that the threatened use of violence under § 115(a)(1)(B) was enough to make a conviction under that statute a "crime of violence" under § 4B1.2. *Id.* at 527.

We apply plain-error review because Crawford did not raise his current arguments before the district court. *Straub*, 508 F.3d at 1011. More specifically, Crawford's objection to the PSI and before the sentencing court relied on a vague argument about unconstitutional vagueness under *Johnson*[2] and another vague argument about "terrorist threats" not being per se violent crimes, relying upon a 2017 Nebraska district court. However, his brief on appeal now relies upon entirely different grounds. He now relies on the modified categorical approach and argues that his instant crime of conviction and his two predicate offenses are all categorically broader than the generic offense, and, thus, are not "crimes of violence." Because Crawford did not raise those specific and discrete legal arguments before the district court in challenging his

---

[1] 18 U.S.C. § 115(a)(1)(B) has not been changed in relevant part since *Bonner* was decided in 1996. *Compare* 18 U.S.C. § 115(a)(1)(B) (2021) *and* 18 U.S.C. § 115(a)(1)(B) (1996).

[2] *Johnson v. United States*, 576 U.S. 591 (2015).

career-offender status, plain-error review applies. *Ramirez-Flores*, 743 F.3d at 821; *Rodriguez*, 398 F.3d at 1298.

In Part II, we address Crawford's challenge to the first predicate crime relied upon by the district court. In Part III, we address his challenge to the second predicate crime relied upon by the district court. Finally, in Part IV, we address his challenge to the district court's conclusion that his instant conviction qualifies as a crime of violence.

## II.

The first predicate crime relied upon by the district court as qualifying as a crime of violence was a 2008 federal conviction for threats in violation of 18 U.S.C. § 844(e). As set out in paragraph 30 of the PSI (and not objected to), Crawford, in telephone calls received by the receptionist at the Savannah office of the FBI, threatened to kill the receptionist and everyone else at the FBI, threatening to destroy the building by fire or explosives and "blow all you sons of bitches up." In the district court, the PSI, the Government, and the district court appeared to rely upon the elements clause of § 4B1.2(a)(1) as the reason this first predicate crime qualified as a crime of violence. Crawford's only objections were the two vague arguments noted above, which did not challenge the facts set out in the PSI indicating that Crawford's threats targeted not only the FBI building but also its occupants. Thus, Crawford did not preserve for appeal the argument that he makes for the first time on appeal. That is, Crawford did not preserve the argument that the 2008 first predicate crime involved only a threat to destroy the FBI building with explosives, and thus would not qualify as a crime of violence under the elements clause of § 4B1.2(a)(1)

because that clause is limited to threats of physical force against *persons*.[3]

Although the Government's brief on appeal defends the crimes-of-violence status of the 2008 conviction on the basis that it qualifies under the enumerated clause (4B1.12(a)(1)) as a use of explosive material, we conclude that the district court did not plainly err in holding that this first predicate crime qualifies as a crime of violence under the elements clause. The unobjected-to facts before the district court clearly indicated that Crawford's threats targeted not only the FBI building but also its occupants. Thus, there was no plain error and the district court's holding stands—i.e. that the 2008 predicate crime qualifies as a crime of violence under the elements clause.[4]

---

[3] Indeed, to support Crawford's new argument on appeal, he attaches to his brief on appeal *Shepard* documents for the 2008 conviction which he suggests support his new argument. He suggests that those documents show that the 2008 conviction only involved a threat to the FBI building. He argues that these documents support his argument that, applying the modified categorical approach, the 2008 conviction would not qualify as a crime of violence under the elements clause. However, Crawford's brief on appeal concedes that these *Shepard* documents were "not part of the record" in the district court. Appellant's brief at 6.

[4] In the district court, the Government argued that this 2008 predicate crime qualified as a crime of violence under the elements clause of § 4B1.2(a)(1), and the district court so held. The fact that the Government on appeal defends the district court on a different ground does not preclude our affirming the judgment of the district court on the original, elements clause, ground. *Davila v. Gladden*, 777 F.3d 1198, 1210 n.8 (11th Cir. 2015) (stating we may affirm on any adequate grounds).

20-12309                Opinion of the Court                    9

In light of our holding on the basis of the elements clause, we need not definitively resolve Crawford's challenge to the Government's argument on appeal that this 2008 predicate crime would in any event qualify under the enumerated clause—i.e. § 4B1.2(a)(2) ("the use . . . of . . . explosive material"). However, we note that a holding that the 2008 crime qualifies under the enumerated clause probably would not rise to the level of plain error. In his reply brief, Crawford argues that a threat to blow up a building "is not the type of 'use' contemplated by the enumerated crimes clause." Reply Brief at 25. Crawford argues that § 4B1.2(a)(2) encompasses only the "active employment of explosives," id. at 27, not merely the threat thereof. And it is true that an unpublished Tenth Circuit case has so held in the context of similar language in the ACCA. *See United States v. Wilfong*, 733 F. App'x 920, 927-29 (10th Cir. 2018). However, Crawford does not cite, and our research does not reveal, any Eleventh Circuit or Supreme Court case so holding. And it may not be plain or obvious that Crawford's telephone threat to blow up the FBI building could never fall within the compass of the "use . . . of . . . explosive material" language of § 4B1.2(a)(2).[5]

---

[5] Crawford also argues that the Government cannot rely on the enumerated clause because it did not raise that ground in the district court. We disagree. The Government had no occasion to resort to the enumerated clause in the district court because the facts set out in the PSI (paragraph 30) indicated that this 2008 predicate crime targeted not only the FBI building, but also the receptionist and other occupants, and thus readily fell under the elements clause. Crawford did not object to those facts as set out in the PSI, and did not fairly raise the issue—asserted now for the first time on appeal—that the 2008 predicate crime targeted only the building and not any persons, and thus could not qualify under the elements clause. The Government's reliance

In sum, we affirm the district court's holding that the 2008 predicate crime qualifies as a crime of violence.

## III.

We turn next to Crawford's challenge to the second predicate crime. It was a 2009 federal conviction for threats to a federal official in violation of 18 U.S.C. § 115(a). According to paragraph 31 of the PSI, Crawford made several telephone calls in 2009 threatening to kill a federal probation officer, an agent of the FBI, and an assistant United States attorney. Again, there was no objection to these facts. These facts would seem to fall comfortably within the language of the elements clause of § 4B1.2(a)(1). *See Bonner*, 85 F.3d at 527. And Crawford cites no binding Eleventh Circuit or Supreme Court case suggesting otherwise. We readily conclude that there is certainly no plain error.

## IV.

Finally, we address Crawford's argument that his instant conviction for mailing a threatening communication to an assistant United States attorney—i.e. a threat to kill him— in violation of 18 U.S.C § 876(c) is not a crime of violence. Again, the facts to which Crawford pled would seem to fall comfortably within the §

---

on appeal on the enumerated clause is merely in response to Crawford's new argument on appeal that the 2008 predicate crime involves only a threat against the FBI building and thus would not qualify as a crime of violence under the elements clause. In any event, as we discussed above with respect to the elements clause, it may not be plain or obvious—on the basis of the record facts appropriately considered on appeal—that Crawford was not actually convicted of threatening to blow up an occupied FBI building so that the crime would qualify under the elements clause.

4B1.2(a)(1) elements clause.  No binding precedent suggests otherwise.  We readily conclude that there is certainly no plain error.

Crawford did not meet his burden of showing that the district court committed a plain error in finding that his instant conviction and two predicate offenses were "crimes of violence" under the Sentencing Guidelines.

**AFFIRMED.**