[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10687

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALACALIPH WOODARD,
a.k.a. A1,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:21-cr-00065-RDP-SGC-2

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Alacaliph Woodard of conspiracy to possess less than 5 grams or more of methamphetamine with the intent to distribute, possession of less than 5 grams or more of methamphetamine with the intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. The district court imposed a total sentence of 240 months, which constituted a downward variance from the advisory range of 360 months to life imprisonment.

On appeal Mr. Woodard argues that he was erroneously categorized as a career offender because one of his predicate convictions involved ioflupane, which was removed from Alabama's definition of cocaine in 2015. He also asserts that his sentence is procedurally and substantively unreasonable because the district court failed to properly consider and explain the sentencing disparities between him and his codefendants. Following a review of the record and the parties' briefs, we affirm.

I

We review *de novo* whether a prior conviction qualifies as a "controlled substance offense" under the Sentencing Guidelines. *See United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017).

Mr. Woodward maintains that his 2007 Alabama conviction for unlawful distribution of a controlled substance did not serve as

a valid predicate for the career offender enhancement because both federal and Alabama law had removed ioflupane from their schedules of controlled substances by 2015. But because ioflupane was a controlled substance under both federal and Alabama law in 2007 when Mr. Woodward was convicted, his argument is foreclosed by *United States v. Dubois*, 94 F. 4th 1284, 1298 (11th Cir. 2024) (*Dubois I*) ("We adopt a time-of-state-conviction rule: the term 'controlled substance,' *see* U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b), means a substance regulated by state law when the defendant was convicted of the state drug offense, even if it is no longer regulated when the defendant is sentenced for the federal firearm offense.").

We recognized that the Supreme Court vacated *Dubois I* and remanded for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *See Dubois v. United States*, 145 S.Ct. 1041 (2025) (*Dubois II*). On remand, however, the *Dubois* panel reinstated its prior opinion. *See United States v. Dubois*, ___ F. 4th ___, 2025 WL 1553843, at *1 (11th Cir. June 2, 2025) (*Dubois III*). So *Dubois I* remains binding, and we therefore affirm Mr. Woodard's career offender designation.

## II

We normally review the reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007).

When reviewing for procedural reasonableness, we consider legal issues *de novo* and review factual findings for clear error. *See United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). We review for plain error procedural sentencing issues raised for

the first time on appeal.  *See United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (en banc); *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  Under plain error review, the defendant must show that (1) there was error, (2) it was plain, (3) it affected the defendant's substantial rights, and (4) it seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *Vandergrift*, 754 F.3d at 1307 (quotation marks omitted).

To determine whether a sentence is procedurally reasonable, we ask whether "the district court: (1) properly calculated the guidelines range; (2) treated the Sentencing Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010).  Although the district court must consider the § 3553(a) sentencing factors, it is not required to explicitly discuss or state on the record that it has considered each of the § 3553(a) factors.  *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).  Instead, an acknowledgment by the district court that it considered the factors is usually sufficient.  *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  A district court's failure to discuss mitigating factors cited by the defendant does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

After ensuring that a sentence is procedurally sound, we then consider the substantive reasonableness of a sentence.  *See*

*Gall*, 552 U.S. at 51. The district court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly-situated defendants. *See* § 3553(a)(1), (3)–(7).

The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). Nevertheless, a district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We will vacate a district court's sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted). We do not presume a sentence outside the

guideline range is unreasonable and give due deference to the district court's decision that the § 3553(a) factors justify the variance. *See id.* A sentence well below the statutory maximum is one indicator of reasonableness. *See id.*

The term of imprisonment permitted by statute for a violation of 18 U.S.C. § 924 is five years to life imprisonment. 18 U.S.C. § 924(c)(1)(A). The maximum term of imprisonment for a violation of 21 U.S.C. § 841(a)(1) is 20 years. 21 U.S.C. § 841(b)(1)(C). As noted earlier, Mr. Woodard's advisory range was 360 moths to life imprisonment.

"Disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015). (quotation marks and alteration omitted). When considering a claim of disparity, we first consider whether the defendant is similarly situated to the defendants to whom he compares himself. *See United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). The district court should not draw comparisons to cases involving defendants who were convicted of less serious offenses, pleaded guilty, or lacked extensive criminal histories, if those things are not true of the defendant. *See United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011). "A well-founded claim of disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation marks omitted). Specifically, "there is no unwarranted disparity even when a cooperating defendant receives a 'substantially shorter' sentence than a defendant

who goes to trial." *Cavallo*, 790 F.3d at 1237. We have held that evaluating alleged sentencing disparities among similarly situated defendants requires "more than the crime of conviction and the total length of the sentences." *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). "The underlying facts of the crime and all of the individual characteristics are relevant." *Id.*

In addition, "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall*, 552 U.S. at 54. Thus, a district court's correct calculation of a guidelines range necessarily gives significant weight and consideration to the need to avoid unwarranted disparities. *See United States v. Baldwin*, 774 F.3d 711, 729 (11th Cir. 2014).

Here, even if we conduct the usual abuse-of-discretion review, the district court did not impose a procedurally unreasonable sentence (a downward variance of 120 months from the bottom of the advisory range) because it considered the 18 U.S.C. § 3553(a) factors. Nor did the district court impose a substantively unreasonable sentence. Mr. Woodward was not similarly situated to his codefendants because he (a) had an additional firearm conviction, (b) chose to proceed to trial rather than pleading guilty, and (c) had a lengthy and lifelong criminal history. Finally, the court necessarily gave significant weight and consideration to the need to avoid unwarranted sentencing disparities when it correctly calculated and reviewed the Sentencing Guidelines range.

### III

We affirm Mr. Woodard's sentence.

**AFFIRMED.**