[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12727
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cr-80199-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUS JUNIOR BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 6, 2018)

Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gus Butler appeals his 180-month sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He had pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and 924(e), and possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and § 841(b)(1)(C). On appeal, Butler argues that the district court erred in imposing an enhanced sentence under the ACCA; Butler says his previous Florida convictions for aggravated assault, aggravated battery, and domestic battery by strangulation are not qualifying predicate offenses.

We review *de novo* whether a prior conviction is a predicate offense within the meaning of the ACCA. *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009). We are bound to follow prior binding precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo,* 540 F.3d 1235, 1236 (11th Cir. 2008).

We have held that a Florida aggravated assault "conviction under [Fla. Stat. §] 784.021 will always include 'as an element the . . . threatened use of physical force against the person of another,' § 924(e)(2)(B)(i), and . . . thus qualifies as a

2

violent felony for purposes of the ACCA." *Turner v Warden Coleman FCI (Medium),* 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States,* 135 S. Ct. 2551 (2015); s*ee also United States v. Golden,* 854 F.3d 1256, 1256-57 (11th Cir. 2017) (reaffirming *Turner's* holding that a conviction for aggravated assault under Fla. Stat. § 784.021 qualifies under the elements clause of the ACCA).

We have held that "a conviction for aggravated battery qualifies as a violent felony for purposes of the ACCA." *Turner*, 709 F.3d at 1341; s*ee also In re Rogers,* 825 F.3d 1335, 1341 (11th Cir. 2016) (affirming *Turner* and holding that a conviction under Florida's aggravated battery statute categorically qualifies under the elements clause of the ACCA.").

We have also decided that "Florida's domestic-battery-by-strangulation statute qualifies as a 'crime of violence' under the elements clause" of U.S.S.G. § 4B1.2. *United States v. Dixon*, 874 F.3d 678, 682 (11th Cir. 2017). The analysis we use to determine whether a conviction qualifies as a crime of violence under § 4B1.2 is essentially the same as the analysis used to determine what constitutes a crime of violence under the ACCA "because the definitions are substantially the same." *Id.* at 680.

The district court did not err in concluding that Butler's prior convictions for aggravated assault under Fla. Stat. § 784.021, aggravated battery under Fla. Stat.

§ 784.045, and domestic battery by strangulation under Fla. Stat. § 784.041(2)(a) constituted violent offenses for purposes of his ACCA sentence enhancement.  We have decided that violations of each of these Florida statutes qualify as predicate offenses under the ACCA.  *See Golden*, 854 F.3d at 1256-57; *Rogers,* 825 F.3d at 1341; *Dixon*, 874 F.3d at 682.  We are bound to follow these prior panel decisions under the prior precedent rule. *See Vega-Castillo,* 540 F.3d at 1236.  Accordingly, we affirm.

**AFFIRMED.**