[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13406
Non-Argument Calendar

_____

D.C. Docket No. 9:16-cr-80199-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUS JUNIOR BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 13, 2021)

Before NEWSOM, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gus Butler, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.[2]

In 2017, Butler pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and to possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The sentencing court classified Butler as an armed career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and imposed a total sentence of 180 months' imprisonment. We affirmed Butler's sentence on appeal. See United States v. Butler, 714 F. App'x 980 (11th Cir. 2018) (unpublished).

In August 2020, Butler moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.[3] Butler sought relief in the light of the COVID-19 pandemic. Butler asserted that he was at increased risk of serious illness based on his age (58 years' old) and on his

_____

[1] We read liberally briefs filed by pro se litigants. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2] We GRANT Butler's motion for leave to file his reply brief out of time.

[3] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

2

underlying chronic medical conditions, including Type 2 diabetes, high blood pressure, hypertension, high cholesterol, arthritis, neuropathy, and obesity. Butler also pointed to his post-conviction rehabilitation as evidenced by his completion of several training programs and his having sustained no disciplinary infractions during his incarceration. Butler said he presents no threat to the community.

The district court denied Butler's motion. The district court concluded that -- even if "extraordinary and compelling reasons" might support a reduced sentence -- compassionate release was inappropriate because Butler would present a "significant danger" to the community if released before the completion of his sentence.

In making that determination, the district court relied upon Butler's "extensive" and "violent" criminal history, as reflected in the Presentence Investigation Report. In particular, the district court noted that Butler had these prior convictions: (1) felony convictions for aggravated assault with a deadly weapon in 1994 and in 1998, aggravated battery with a deadly weapon in 1997, aggravated battery in 2006, domestic battery by strangulation in 2008, and battery in a county jail in 2008; (2) six misdemeanor convictions for battery and one for assault; and (3) one conviction for strong-arm robbery, two convictions for burglary of a dwelling, and six other burglary convictions.

3

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. See First Step Act § 603. The statute provides that a "court may not modify a term of imprisonment once it has been imposed," except under certain circumstances. 18 U.S.C. § 3582(c). About compassionate release, section 3582(c)(1)(A)(i) uses these words:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) provide that -- in addition to determining whether extraordinary and compelling reasons exist that might warrant a sentence reduction -- the district court must determine that "the

4

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(2); id., comment. (n.1). In determining the potential danger posed by a defendant, the court considers these factors: (1) the nature and circumstances of the offense, including whether the offense involved a controlled substance or a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his past conduct and criminal history; and (4) the nature and seriousness of the danger that would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

Under section 3553(a), a sentence must be sufficient (but not greater than necessary) to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and to protect the public from future crimes. See 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of available sentences, the guidelines range, the policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. Id. § 3553(a)(1), (3)-(7).

As an initial matter, that Butler exhausted his administrative remedies before filing his compassionate-release motion is undisputed. In addition, we accept that Butler's underlying medical conditions and his increased risk of serious illness due

5

to COVID-19 might constitute "extraordinary and compelling reasons" for purposes of section 3582(c)(1)(A)(i). The decisive issue before us in this appeal is whether the district court erred in determining that Butler poses a danger to the community.

On appeal, Butler contends that the district court placed undue weight on Butler's history and characteristics, including his criminal history. According to Butler, the district court also failed to consider certain mitigating factors, including Butler's post-conviction rehabilitation, the eight-year gap between his most recent prior offense and the instant offenses of conviction, and that his instant offenses were non-violent.

Generally speaking, the district court need not discuss on the record each specific statutory sentencing factor. See United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). Here, the district court's statement that it had considered the statutory factors in 18 U.S.C. §§ 3142(g) and 3553(a) demonstrates sufficiently that it considered properly the pertinent factors in denying Butler's motion. See United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007).

Moreover, the district court considered expressly Butler's mitigating arguments, including that Butler's underlying medical conditions put him at increased risk of serious illness due to COVID-19 and Butler's evidence of post-

6

conviction rehabilitation.  The district court, however, determined that those factors did not compel relief, given the danger Butler posed to the community. That the district court afforded more weight to Butler's criminal history than the court did to other mitigating factors is no abuse of discretion.  The weight given to a particular sentencing factor "is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

We cannot conclude that the district court's finding that Butler posed a danger to the community was clearly erroneous.  The record supports the district court's finding that Butler had an extensive and violent criminal history, including more than a dozen assault and battery convictions between 1994 and 2008: convictions that qualified Butler as an armed career offender.  Contrary to Butler's contention on appeal, the nature and circumstances of his instant offenses of conviction -- offenses that involved both drugs and a gun -- also support a finding of dangerousness.  See 18 U.S.C. § 3142(g)(1).

In the light of Butler's criminal history, the district court concluded reasonably that Butler likely posed a danger to the community despite Butler's chronic medical issues and some evidence of Butler's post-conviction

7

rehabilitation.  The district court abused no discretion in denying Butler's motion for compassionate release.[4]

AFFIRMED.

---

[4] Butler argues on appeal that his role as a caregiver to his mother and to his fiancé constitute extraordinary and compelling reasons warranting compassionate release.  That argument has no bearing on the district court's dispositive determination about Butler's danger to the community.